BARBARA ANN SHEARER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shearer v. Commissioner
Docket No. 24833-89
United States Tax Court
T.C. Memo 1991-527; 1991 Tax Ct. Memo LEXIS 576; 62 T.C.M. (CCH) 1063; T.C.M. (RIA) 91527; October 24, 1991, Filed *576 An order will be issued granting respondent's motion. Barbara Ann Shearer, pro se. J. Robert Cuatto, for the respondent. COHEN, Judge. COHEN
MEMORANDUM OPINION Respondent determined a deficiency of $ 250,241.00 in petitioner's Federal income tax for 1985 and additions to tax of $ 62,260.75 under section 6651(a)(1), $ 12,512.05 under section 6653(a)(1), 50 percent of the interest due on $ 249,043.00 under section 6653(a)(2), and $ 62,261.00 under section 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. This case is before the Court for ruling on respondent's Motion for Partial Summary Judgment and respondent's Supplemental Motion for Partial Summary Judgment. Petitioner was incarcerated in the Santa Maria Unit of the Department of Corrections in Goodyear, Arizona, at the time the petition in this case was filed. The issue for decision is whether petitioner is collaterally estopped to deny that she had theft income of at least $ 520,184 in 1985. Background
On December 31, 1987, petitioner was convicted *577 on one count of theft and four counts of fraudulent schemes and artifices in the case of State v. Shearer in the Superior Court of the State of Arizona in and for the County of Maricopa (the criminal case). Petitioner was sentenced to 28 years in prison and ordered to pay restitution of $ 1,075,823.68 ($ 1,400,000.00 less $ 324,176.32 previously recovered) to Thomas Shearer or to his estate for the amount she had stolen from him in 1985. The Arizona Court of Appeals affirmed the conviction on December 21, 1989. State v. Shearer, 164 Ariz. 329, 793 P.2d 86 (Ariz. App. 1989). The Arizona Supreme Court denied a petition for review on January 17, 1991. State v. Shearer, 166 Ariz. 432, 803 P.2d 425 (1991). On September 9, 1987, the estate of Thomas Shearer and Carol Shearer, as personal representative, filed a complaint against petitioner (the civil case) in the Superior Court of the State of Arizona in and for the County of Maricopa (the superior court). The plaintiffs alleged in the complaint that in April 1985 petitioner had stolen or converted $ 1.4 million from Thomas Shearer. The superior court, in an Order *578 and Judgment filed March 15, 1988 (the judgment), granted the plaintiffs' motion for summary judgment. The superior court applied collateral estoppel and found, based on petitioner's conviction in the criminal case, that petitioner had stolen $ 1.4 million from Thomas Shearer during 1985. Petitioner filed an appeal of the judgment. The Court of Appeals for the State of Arizona affirmed the judgment in a Memorandum Decision dated November 7, 1989 (the appellate decision). Theodore J. Segal filed papers as "Attorney for Defendant"in both the civil case and the appeal of the judgment. On November 16, 1989, petitioner filed a Motion to Extend Time to file a motion for reconsideration in the Arizona Court of Appeals with respect to the appellate decision. Petitioner claimed that she had had no knowledge of the judgment against her until she read about it in the Arizona Republic on November 8, 1989. By order dated December 1, 1989, the Arizona Court of Appeals granted petitioner an extension of time to file a motion for reconsideration. Petitioner did not file a motion for reconsideration or a petition for review. On January 2, 1990, the Arizona Court of Appeals ordered compliance *579 with its decision of November 7, 1989. In the notice of deficiency, respondent determined, among other things, that petitioner had unreported theft income of $ 520,184. The theft income was calculated as the difference between $ 844,360 (the amount determined to have been stolen) and $ 324,176 (the amount previously recovered). The manner in which respondent determined the amount stolen is not explained in the record. Respondent asserts that the evidence would support a determination of more unreported income, but he does not seek an increased deficiency. Discussion
Respondent has moved for partial summary judgment under Rule 121. Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). All factual material and inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion. Blanton v. Commissioner, 94 T.C. 491, 494 (1990). Respondent is seeking to use offensive *580 nonmutual collateral estoppel to prevent relitigation of whether petitioner had $ 520,184 in unreported theft income in 1985. Nonmutual collateral estoppel may be used offensively by one not a party in the original litigation. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979); Meier v. Commissioner, 91 T.C. 273, 282-283, 293 (1988). The doctrine of collateral estoppel "protects * * * adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-154, 59 L. Ed. 2d 210, 99 S. Ct. 970 (1979). For collateral estoppel to apply, the issue must have been "actually and necessarily determined by a court of competent jurisdiction." Montana v. United States, 440 U.S. at 153. The requirement that the factual finding in the prior proceeding must have been "necessarily determined" means that "the issue was actually recognized by the parties as important and by the trier as necessary to the first judgment." Meier v. Commissioner, 91 T.C. at 285 *581 (quoting 1 Restatement, Judgments 2d, sec. 27 (1982)). Whether petitioner stole $ 1.4 million in 1985 was actually litigated in the criminal case and was determined against her. The superior court reached the same conclusion in the civil case. A case decided by summary judgment is regarded as having been actually litigated. Exhibitors Poster Exchange, Inc. v. National Screen Service Corp., 421 F.2d 1313, 1319 (5th Cir. 1970). Having satisfied the threshold requirements for application of collateral estoppel, we consider the elements of the threeprong test articulated in Montana v. United States, 440 U.S. at 155. The first prong of the test requires that the issues presented in the current litigation are in substance the same as those resolved in the prior litigation. Montana v. United States, supra.Furthermore, the party against whom an estoppel is asserted must have had a "full and fair opportunity" to litigate the issue in the prior proceeding. Meier v. Commissioner, 91 T.C. at 286. The issue presented in the current litigation is whether petitioner had $ 520,184 in net unreported theft *582 income in 1985. Both the criminal and civil cases in which petitioner was the defendant determined that petitioner stole $ 1.4 million from Thomas Shearer in 1985, of which $ 324,176 had been previously recovered. Factors that are relevant in determining whether an issue was fully and fairly litigated in a prior action include whether the party against whom estoppel is being asserted chose the forum for the prior action and whether that party had the proper incentives to litigate the issue in the prior action. Blonder-Tongue v. University Foundation, 402 U.S. 313, 333, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971). Although petitioner was the defendant in both the criminal and civil cases brought against her, and therefore did not choose the forum for the litigation, she nevertheless had a full and fair opportunity to litigate the issue. Petitioner was convicted of having stolen over a million dollars from Thomas Shearer beyond a reasonable doubt. The conviction was appealed and affirmed. The judgment in the civil case was also appealed and affirmed. In the criminal case, petitioner faced the possibility of incarceration for at least 28 years. In the civil case, the amount of money at issue *583 was $ 1.4 million, greater than that at issue in this litigation. The potential consequences of losing either of those actions provided adequate incentives for petitioner to litigate fully the question of her having stolen the funds. Petitioner argues that collateral estoppel cannot be applied because the conviction in the criminal case and the judgment in the civil case are not final inasmuch as she has not exhausted all of her rights to attack collaterally the judgment. Both the criminal conviction and the civil judgment against petitioner are final in the usual sense of the term. See Ariz. R. Civ. P. 58; El Paso Nat. Gas Co. v. State, 123 Ariz. 219, 599 P.2d 175 (1979). The second prong of the Montana test requires that neither the controlling facts nor the legal principles have changed since the prior actions. Montana v. United States, 440 U.S. at 155. The material facts occurred in 1985 and could not have changed in the interim. The legal principles applicable to determination of the factual issue have not changed since the prior determinations. The third prong of the test requires that there be no special circumstances *584 that may warrant an exception to the normal rules of issue preclusion. Montana v. United States, 440 U.S. at 155. See Parklane Hosiery Co. v. Shore, 439 U.S. at 329-331. There are no special circumstances here that would warrant an exception to the normal rules of issue preclusion. Because the requirements for application of collateral estoppel have been satisfied, there remains no genuine issue of fact material to respondent's motion for partial summary judgment. Petitioner is collaterally estopped to deny that she received theft income of $ 520,184 in 1985. Other issues, however, remain to be resolved. An order will be issued granting respondent's motion.